**In re: James Sonny BELL, Petitioner.**

**No. 07–1440.**

United States Court of Appeals,
Third Circuit.

Submitted Under Rule 21,
Fed. R.App. Pro. March 15, 2007.

Filed: April 17, 2007.

James Sonny Bell, Felton, DE, pro se.

Before: BARRY, AMBRO and
FISHER, Circuit Judges.

### OPINION

PER CURIAM.

James Sonny Bell, proceeding *pro se,* has filed a petition for a writ of prohibition apparently alleging that the United States District Court for the District of Delaware improperly remanded to state court a case that he had removed to the federal district court. For the reasons that follow, we will deny Bell's petition.

Bell filed a document entitled "Notice of Removal" in the District Court, seeking to remove the case *J & J Mobile Home Park, Inc. v. Bell,* CA # J0607047816 (Del. J.P. Ct. Kent County). Because the document did not meet the requirements for removal, the District Court ordered Bell to meet the requirements or face summary remand. After he filed additional documents with the District Court, the Court found that he had still not met the requisites for removal and thus summarily remanded the matter to the state court. Bell filed a notice of appeal, docketed in this Court at C.A. No. 07–1057, and later filed the instant petition for a writ of prohibition along with a motion to expedite.

Bell's petition for a writ of prohibition is for the most part unclear. He appears to allege that the Court of Chancery improperly held a trial in Krebs' action against her while her appeal of the District Court's remand order was pending in this Court. To the extent Bell seeks an order from this Court prohibiting the Delaware court from taking some action, we lack jurisdic-tion to so order. *See In re Campbell,* 264 F.3d 730, 731 (7th Cir.2001) (stating that the court of appeals generally cannot use its power to issue mandamus to a state judicial officer to control or interfere with state court litigation).

In addition, to the extent Bell seeks review of the District Court's remand order, a writ of prohibition is not an appropriate remedy because Bell may seek review through an ordinary appeal. *See In re Sch. Asbestos Litig.,* 921 F.2d 1310, 1314 (3d Cir.1990). As noted, Bell filed a notice of appeal from the District Court's remand order. That appeal is pending, and will be decided in a separate opinion or order.

Accordingly, we will deny the petition for a writ of prohibition.[1]

---

1. The Motion to Expedite is denied.